UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| AZIZA EXOM, an individual, | Case No. 2:24-cv-00773-APG-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| BROCK & SCOTT, PLLC, a foreign professional limit-liability company, | |
| Defendant. | |

**I.    Introduction**

Pending before the Court is Defendant's Motion to Stay Discovery.  ECF No. 14.  The Court considered the Motion, the Opposition (ECF No. 15), and the Reply (ECF No. 16).  The Court finds fact discovery is properly stayed.  Limited jurisdictional discovery is granted.

**II.   Discussion**

As recently explained in *Flynn v. Nevada*, 345 F.R.D. 338, 343-44 (D. Nev. 2024):

> In 1989, Chief United States District Judge Edward C. Reed, Jr. articulated several guiding principles for analyzing a motion to stay discovery.  *Twin City Fire Ins. Co. v. Emps. Ins. of Wausau*, 124 F.R.D. 652 (D. Nev. 1989).  "A pending [m]otion to [d]ismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery." *Id.* at 653.  "To show good cause in the Ninth Circuit, the moving party must show more than an apparently meritorious 12(b)(6) claim: 'A district court may ... stay discovery when it is *convinced* that the plaintiff will be unable to state a claim for relief.'" *Id.* (quoting *Wood*, 644 F.2d at 801) (emphasis added by Judge Reed).  "Finally, while Fed. R. Civ. P. 26(c) protects against oppression or undue burden and expense, a showing that discovery may involve some inconvenience and expense does not suffice to establish good cause for issuance of a protective order."  *Id.*  Rather than bald assertions of undue burden or expense, "[s]ome extraordinary justification must be shown to satisfy the good cause requirement of Fed. R. Civ. P. 26(c)." *Id.*  "In addition, the burden is on the party seeking relief to show some plainly adequate reason for the order." *Id.*

Further, as a practical matter "[a] stay of all discovery should only be ordered if the court is 'convinced' that a plaintiff will be unable to state a claim for relief." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011).  When deciding whether to issue a stay, the Court must take a "preliminary peek" at the merits of the dispositive motion pending in the case. *Buckwalter v. Nevada Bd. of Med. Exam'rs*, Case No. 2:10-cv-02034-KJD-GWF, 2011 WL 841391, at *1 (D. Nev. Mar.

7, 2011).  In doing so, the Court must consider whether the pending motion is potentially dispositive of the entire case, and whether that motion can be decided without additional discovery.  *Tradebay*, 278 F.R.D. at 602.  Motions to dismiss are frequently part of federal practice and "[a]n overly lenient standard for granting motions to stay all discovery is likely to result in unnecessary discovery delay in many cases."  *Trzaska v. Int'l Game Tech.*, Case No. 2:10-cv-02268-JCM-GWF, 2011 WL 1233298, at *4 (D. Nev. Mar. 29, 2011).

Here, Defendant filed a Motion to Dismiss arguing there is a lack of personal jurisdiction such that this case cannot be heard in the District of Nevada.  Underlying this argument is Defendant's proceedings in Tennessee on a debt collection action in which Plaintiff was found in default and a judgement was entered.  Plaintiff's Complaint ¶ 14.  Defendant obtained a writ of garnishment in Tennessee and served the Notice of Garnishment on Plaintiff's employer also in Tennessee.  *Id*. ¶ 15; ECF No. 8-5.  The garnishee provided the Shelby County, Tennessee Clerk of Court with payment on the garnishment from Plaintiff's wages earned in Nevada to which she had moved.  ECF No. 1 ¶ 18.

Plaintiff contends she left her employer in Tennessee and moved to Nevada six months before the events at issue took place and that "this fact necessitated … [Defendant's] search for … [Plaintiff's] location and employment … in Nevada …."  ECF No. 15 at 6.  Plaintiff therefore argues personal jurisdiction over Defendant arises from case law holding a single debt collection letter sent to a plaintiff in Nevada is sufficient to establish jurisdiction.  *Id.*  In *Paradise Robinson v. Hoover*, 883 F.Supp. 521 (D. Nev. 1995), on which Plaintiff relies, the court stated: "it is well-settled that a single contact with the forum state, not involving the physical presence of the defendant, can be a sufficient basis upon which to establish jurisdiction over the defendant. …  This is not a case where the communication involved is merely a means of conducting some other primary business within the forum.  Here, the … Defendants' 'communications in the forum state ... are the precise subject matter of this action pursuant to the FDCPA.'"  *Russey v. Rankin,* 837 F.Supp. 1103, 1105 (D.N.M. 1993) (quoting *Bailey v. Clegg, Brush & Assoc., Inc.*, 1991 WL 143461 (N.D.Ga.1991))."  *Id*. at 525.

In contrast to the facts in *Paradise Robinson*, the contact with Plaintiff in this case was not debt collection or notice of garnishment, but the Release of Garnishment that was sent to Plaintiff's Nevada residence.  Thus, unlike *Paradise Robinson*, the communication in Nevada is not the precise subject matter of this action.

The Ninth Circuit has adopted a "but for" test for determining whether a plaintiff's claim arises out of a defendant's forum related activities for purposes of determining the second prong of the specific jurisdiction test.  *Doe v. American Nat'l Red Cross*, 112 F.3d 1048, 1051 (9th Cir. 1997).[1]  The "arising out of" requirement of the specific jurisdiction test is met if, "but for" the contacts between the defendant and the forum state, the cause of action would not have arisen. *Terracom v. Valley National Bank*, 49 F.3d 555, 561 (9th Cir. 1995) (internal citation omitted).  The Court finds Plaintiff's underlying claim does not arise "but for" the result of the release of garnishment; instead, the claim arises from the garnishment itself.  Thus, the Court finds the single letter sent by Defendant to Plaintiff in Nevada may not allow Plaintiff to establish the second prong of the specific jurisdiction test.  *Id.* at 560-61.  Plaintiff may well have a FDCPA claim under which she can proceed, but she may have to proceed in Tennessee, not Nevada.  Further, because the issue is one of personal jurisdiction, and it is questionable whether Nevada may properly exercise the same, the Court finds granting the stay of fact discovery effects the overall goals of Rule 1 of the Federal Rules of Civil Procedure.

**III.    Order**

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Stay Discovery (ECF No. 14) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that discovery is opened for a 60 day period, measured from the date of this Order, in which Plaintiff may conduct discovery related solely to whether personal jurisdiction is properly exercised over Defendant Brock & Scott, PLLC by the U.S. District Court for the District of Nevada.  This discovery may include no more than 5 interrogatories, 5 document

---

[1]    The three prong test to determine whether specific jurisdiction may be applied to a defendant includes: (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its law; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) exercise of jurisdiction must be reasonable.  *Id.* at 1051 (internal citation omitted).

requests, and one deposition of the person most knowledgeable regarding the facts that would impact jurisdiction.

IT IS FURTHER ORDERED that all discovery relating to the underlying facts of this dispute is stayed pending the Court's ruling on the Motion to Dismiss.

IT IS FURTHER ORDERED that within **fourteen (14) days** of the date on an Order resolving the Motion to Dismiss, if such Motion is not dispositive of this case proceeding in the District of Nevada, the parties **must** file a status report regarding what if any claims remain pending, whether fact discovery should commence, and, if fact discovery should commence, the scope of the discovery and all applicable deadlines.

IT IS FURTHER ORDERED that if the parties wish to supplement their arguments relating to the Motion to Dismiss, they **must** seek permission to do so from Judge Gordon in front of whom that motion is pending.

Dated this 2nd day of October, 2024.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE