# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

AZIZA EXOM,

      Plaintiff

v.

BROCK & SCOTT, PLLC,

      Defendant

Case No.: 2:24-cv-00773-APG-EJY

**Order Granting Brock & Scott, PLLC's Motion to Dismiss**

[ECF No. 8]

        Plaintiff Aziza Exom sues Brock & Scott, PLLC for violating the Fair Debt Collection Practices Act (FDCPA) by garnishing her Nevada wages without domesticating the judgment in Nevada. Brock moves to dismiss for lack of personal jurisdiction and failure to state a claim, arguing that all of its activities in this case took place in Tennessee. Exom responds that Brock knew she earned her wages in Nevada and its act of garnishing those wages was an indirect communication directed at Nevada. I grant Brock's motion to dismiss for lack of personal jurisdiction because Brock did not purposefully direct any of its activity towards Nevada.

## I. BACKGROUND

        Navy Federal Credit Union obtained a judgment against Exom in Tennessee state court based on unpaid consumer credit card debt. ECF Nos. 1 at 2; 8-4. Navy Federal Credit Union assigned or transferred the debt to Brock, a debt collection firm. ECF No. 1 at 2. Brock is incorporated and headquartered in North Carolina, and it has not conducted regular business in Nevada since cancelling its state registration in 2014. ECF No. 8-2. Exom moved to Nevada shortly after the judgment and began working for Credit Acceptance Corporation (CAC). ECF No. 11-2 at 2-3.

1    Brock obtained a writ of garnishment in Tennessee and served it on CAC's Tennessee
2    registered agent. ECF Nos. 1 at 2; 8-5.  Brock did not domesticate the judgment in Nevada. ECF
3    No. 1 at 3.  Brock garnished a total of $1,151.34 from Exom's wages. ECF No. 11-2 at 3.  After
4    these actions, Brock sent notice to CAC in Tennessee and to Exom in Nevada that it was
5    releasing the garnishment. ECF No. 8-6.

6    **II. DISCUSSION**

7    **A. Personal Jurisdiction**

8    Brock asserts that this court lacks personal jurisdiction over it because it is not domiciled
9    in Nevada and conducts no regular business in Nevada.  It further argues that its relevant debt-
10   collecting activities occurred in Tennessee.  Exom responds that Brock knew or should have
11   known that she was working in Nevada when it garnished her wages and that serving the writ of
12   garnishment on Exom's employer was an indirect communication directed towards her.

13   "When no federal statute governs personal jurisdiction, the district court applies the law
14   of the forum state." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).  Nevada's long-
15   arm statute is co-extensive with federal standards, so I may exercise personal jurisdiction if
16   doing so comports with federal constitutional due process. Nev. Rev. Stat. § 14.065(1); *Walden*
17   *v. Fiore*, 571 U.S. 277, 283 (2014).  "There are two forms of personal jurisdiction that a forum
18   state may exercise over a nonresident defendant—general jurisdiction and specific jurisdiction."
19   *Boschetto*, 539 F.3d at 1016.  Exom concedes that she does not have a basis to argue there is
20   general jurisdiction over Brock in Nevada. ECF No. 11 at 6 n.13.  I thus focus on specific
21   jurisdiction.

22   Specific jurisdiction depends on an "activity or an occurrence that takes place in the
23   forum State and is therefore subject to the State's regulation." *Goodyear Dunlop Tires*

1 *Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).  In contrast with general jurisdiction,

2 "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the

3 very controversy that establishes jurisdiction." *Id.* (quotation omitted).  "For a court to exercise

4 personal jurisdiction over a nonresident defendant, that defendant must have at least minimum

5 contacts with the relevant forum such that the exercise of jurisdiction does not offend traditional

6 notions of fair play and substantial justice." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d

7 797, 801 (9th Cir. 2004) (quotation omitted).

8        I apply a three-prong test to determine whether specific jurisdiction exists: (1) the

9 defendant "must purposefully direct or consummate some transaction with the forum or resident

10 thereof; or perform some act by which he purposefully avails himself of the privilege of

11 conducting activities" in the forum state; (2) the plaintiff's claims must "arise[] out of or relate to

12 the defendant's forum-related activities;" and (3) the exercise of jurisdiction must be reasonable.

13 *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017) (quotations omitted).  "The

14 plaintiff bears the burden of satisfying the first two prongs of the test.  If the plaintiff fails to

15 satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id.*

16 (quotation omitted).  But if the plaintiff meets her burden, "the burden then shifts to the

17 defendant to present a compelling case that the exercise of jurisdiction would not be reasonable."

18 *Id.* (quotation omitted).

19        I evaluate Exom's FDCPA claim under the purposeful direction test because she alleges

20 that Brock acted outside Nevada resulting in damage to her in Nevada. *See Couvillier v.*

21 *Dillingham & Assocs.*, No. 2:14-cv-00482-RCJ-NJK, 2014 WL 3666694, at *2-3 (D. Nev. July

22 23, 2014).  Purposeful direction requires showing that the defendant "(1) committed an

23 intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows

1  is likely to be suffered in the forum state." *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201,

2  1208-09 (9th Cir. 2020) (quotation omitted).

3      Serving the writ of garnishment on CAC was an intentional act, but Brock served CAC's

4  Tennessee agent, and none of its conduct was aimed at Nevada.  Any connection to Nevada was

5  because of Exom's decision to move there.  Exom relies on *Pelaez v. MCT Group, Inc.*, a district

6  court case that found personal jurisdiction over an out-of-state debt collector who garnished the

7  Nevada plaintiff's wages without domesticating a judgment. No. 2:10-CV-00733-KJD-LRL,

8  2011 WL 500215, at *1, 3 (D. Nev. Feb. 10, 2011).  Although the *Pelaez* plaintiff brought a

9  similar claim of improper garnishment without domestication, the court found personal

10  jurisdiction over the defendant because "the Complaint alleges that the [collection notice] sent to

11  Plaintiff by MCT, together with its attachment of Plaintiff's Nevada bank account, are the very

12  subject matter of the action." *Id.* at *3.  Exom does not allege that Brock sent any such direct

13  communications to her, and Brock attached its garnishment to CAC in Tennessee rather than to a

14  Nevada bank account.

15      The other cases Exom cites had similar direct communication between the defendant and

16  plaintiff in the forum state, mostly through demand letters.[1]  Because Brock did not send direct

17  communications to Exom in Nevada other than the release notice, and it did not otherwise

18  purposefully direct its actions toward Nevada, I lack personal jurisdiction over Brock in this

19

---

20  [1] *Paradise v. Robinson & Hoover*, 883 F. Supp. 521, 524-26 (D. Nev. 1995) (finding personal
jurisdiction because one of the FDCPA counts was based on a collection letter sent to Nevada

21  plaintiff); *Russey v. Rankin*, 837 F. Supp. 1103, 1105 (D. N.M. 1993) (same for collection notice
sent to New Mexico); *Maloon v. Schwartz, Zweban & Slingbaum, L.L.P.*, 399 F. Supp. 2d 1108,

22  1112 (D. Haw. 2005) (same for Hawai'i); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848, 860-61
(D. Ariz. 1999) (finding personal jurisdiction for defendants that drafted and sent letters to class

23  members in Arizona inviting them to establish credit card accounts to pay off debts); *McGee v.
Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957) (Due Process Clause did not preclude California
court from entering judgment against insurer because contract was mailed to client in California).

case.  I therefore grant Brock's motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

### B.  Jurisdictional Discovery

Exom requests the opportunity to conduct jurisdictional discovery.  She argues that without discovery she cannot show general jurisdiction over Brock in Nevada and that discovery could resolve disputed jurisdictional facts such as whether Exom worked for CAC prior to moving to Nevada and whether Brock knew she had moved to Nevada when it garnished her wages.  Brock does not address jurisdictional discovery in its reply but argues that it is not subject to personal jurisdiction even if the disputed facts are as Exom claims.

"Jurisdictional discovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 507 (9th Cir. 2023) (quotation omitted). The disputed facts are not pertinent to the personal jurisdiction analysis.  Even if Brock knew that Exom had moved to Nevada and that she began working for CAC after she moved, Brock did not purposefully direct its action toward Nevada.  The parties do not dispute that Brock obtained the Tennessee judgment and served a Tennessee writ of garnishment on CAC's Tennessee registered agent.  The "plaintiff cannot be the only link between the defendant and the forum.  Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Walden*, 571 U.S. at 285.

Discovery would not aid in establishing general jurisdiction either.  General jurisdiction is appropriate where a corporation is fairly regarded at home, which is either its place of incorporation or principal place of business. *Goodyear*, 564 U.S at 924.  Brock is both incorporated and headquartered in North Carolina. ECF No. 8-2 at 3.  Exom does not identify

how additional discovery could overcome those facts.  I therefore deny Exom's request for jurisdictional discovery.

## III.  CONCLUSION

I THEREFORE ORDER that defendant Brock & Scott, PLLC's motion to dismiss **(ECF No. 8) is GRANTED**.  I dismiss plaintiff Aziza Exom's complaint (ECF No. 1) for lack of personal jurisdiction, without prejudice to her pursuing her claims in an appropriate court.

I FURTHER ORDER the clerk of court to close this case.

DATED this 23rd day of January, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE